NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
ST. CROIX DIVISION

| | |
|---|---|
| NATIONAL ENTERPRISES OF ST. CROIX, INC., d/b/a/ U-TRAVEL AGENCY, NATIONAL BUILDING SUPPLIES, LTD., d/b/a U-TRAVEL St. LUCIA, NATIONAL ENTERPRISES, LTD., d/b/a U-TRAVEL ST. LUCIA, PATRICIA MURRAY and ANTOINE MURRAY,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC. and EXECUTIVE AIRLINES, INC. d/b/a AMERICAN EAGLE,<br><br>Defendants. | Civ. No. 01-57<br><br>OPINION |

THOMPSON, U.S.D.J.[1]

      The present matter comes before the Court upon the Motion to Dismiss by Defendants American Airlines, Inc. and Executive Airlines, Inc. d/b/a American Eagle (collectively, "Defendants").  (Doc. No. 70).  Plaintiffs National Enterprises, Ltd., et al. ("Plaintiffs") oppose the motion.  (Docs. No. 71, 72).  The Court has issued the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated herein, Defendants' motion will be dismissed as moot.

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

BACKGROUND

Plaintiffs are several corporations relating to a travel agency and their owners. (Doc. No. 66, Ex. 1 at ¶ 1). In 1999, Defendants, two airline companies, discontinued Plaintiffs' authority to issue tickets for their flights, which led Plaintiffs to file a lawsuit against Defendants. (*Id.*). Shortly thereafter, Plaintiffs also declared bankruptcy. (Doc. No. 66, Ex. 1 at ¶ 2). In 2003, the Trustee for Plaintiffs' Estate sought approval from the Bankruptcy Court to settle the Plaintiffs' claim against Defendants for $6,000. (Doc. No. 66, Ex. 1 at ¶ 5). Plaintiffs, through their own counsel, opposed this motion, and the Bankruptcy Court denied it. (*Id.*). The Bankruptcy Court then appointed the Murrays' counsel as "special counsel" for the Trustee to pursue the claim against Defendants in District Court. (*Id.*). As the Bankruptcy Court later stated, Plaintiffs' special counsel "allowed the matter to languish and did nothing" to prosecute the claim (Order at ¶ 6, *In Re Murray*, No. 01-14 (Bankr. D.V.I. June 2, 2004), ECF No. 261), so Defendants agreed to another settlement with the Estate's Trustee for $6,100 this time. (Doc. No. 66, Ex. 1 at ¶¶ 7-8). Defendants moved for the Bankruptcy Court to accept this settlement, and Plaintiffs again opposed it. (Doc. No. 66, Ex. 1 at ¶ 9). On June 2, 2004, the Bankruptcy Court then ruled that Plaintiffs had 10 days to purchase the claim from the Trustee or the settlement would be approved. (*Id.*).

Plaintiffs did not purchase the claim within the ten day period, and so per the terms of the Bankruptcy Court's order, the settlement went into effect. (Doc. No. 66, Ex. 1 at ¶ 11). The Estate submitted a stipulation of dismissal with prejudice, also signed by Defendants, pursuant to Federal Rule of Civil Procedure 41(a). (Doc. No. 32). This stipulation was received by the court on June 21, 2004. (*Id.*). On June 22, 2004, Magistrate Judge Cannon entered an order

dismissing the case as per the terms of the stipulation. (*Id*.). This dismissal is the order that Plaintiffs now appeal. (Doc. No. 50).

Plaintiffs claim that they never received a copy of the Bankruptcy Court's order giving them ten days to purchase the claim against Defendants until the ten days had passed. (Doc. No. 71 at ¶ 2). On June 29, 2004, Plaintiffs filed a motion to reopen the case. (Doc. No. 37). Magistrate Judge Cannon denied the motion to reopen by an order entered on August 4, 2004 because: (1) Plaintiffs admitted that they received actual notice of the Bankruptcy Court's order before the expiration of the ten day period; (2) the Bankruptcy Court had already rejected Plaintiffs' argument that the Trustee who entered the settlement agreement was not authorized to act on behalf of the affiliated St. Lucia corporations; and (3) and Plaintiff's "objections and dissatisfaction are more properly before the Bankruptcy Court" which had approved the settlement and imposed the condition that Plaintiffs purchase the claim within ten days. (Doc. No. 45 at 2-3). On August 11, 2004, Plaintiffs filed an appeal of this order and the order of dismissal. (Doc. No. 50). This case was stayed from 2011 until 2014 pending Defendants' own bankruptcy case. (Doc. Nos. 59-60, 70).

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) states, "[T]he plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." As the Third Circuit has explained, "[a] dismissal under Rule 41(a)(1)(A)(ii) is automatic; it does not require judicial approval." *Kabbaj v. Am. School of Tangier*, 445 Fed. Appx. 541, 544 (3d Cir. 2011) (citing *First Nat'l Bank v. Marine City, Inc.*, 441 F.2d 674, 677 (3d Cir. 1969)). Here, the Bankruptcy Court approved the settlement, and the Estate, which was the plaintiff in the action before the District Court, entered the stipulation of dismissal along with

the signature of the Defendants after having executed the settlement. Thus, the stipulation met all the requirements of Rule 41(a)(1)(A)(ii). Accordingly, the case was dismissed automatically; the dismissal did not need the approval of Magistrate Judge Cannon. *See Kabbaj*, 445 Fed. Appx. at 544; *In re Equivest St. Thomas, Inc.*, 48 V.I. 760 at *3–4 (D.V.I. App. Div. 2007). There can be no appeal from an order that, while instructive, was not required by law and had no legal effect, and so Plaintiffs' appeal, and Defendant's motion to dismiss Plaintiffs' appeal, will be dismissed as moot.

Date: December 6, 2014

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.